IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT McLENNAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:07-CV-0628-K |
| TEXAS UTILITIES ELECTRIC | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Texas Utilities Electric Company's ("Defendant" or "Oncor") Motion for Summary Judgment (Doc. No. 24). The Court **GRANTS** the motion because there are no genuine issues of material fact.

**I. Background**

Plaintiff Robert McLennan ("Plaintiff" or "McLennan") is an African-American male employed by Defendant. McLennan has worked for Oncor for over 33 years. Currently, McLennan works as a Senior Protection and Control technician in the West Distribution Operations Center in Fort Worth.

On March 13, 2007, McLennan filed suit against Oncor in Texas state court asserting claims of retaliation and intentional infliction of emotional distress ("IIED"). On April 11, 2007, Oncor removed the case to this Court on the basis of federal question jurisdiction. McLennan alleges that Oncor discriminated against him when it refused to pay for his technician recertification training in 2004. He claims that Oncor

paid for the recertification training of twenty white technicians, but refused to pay for his training because of his race. Additionally, McLennan contends that Oncor retaliated against him for complaining about Oncor's refusal to pay for his recertification training expenses. McLennan claims that he was given poor performance evaluations, given unfavorable work assignments, and denied opportunities to obtain higher paying positions with Oncor.

## II. Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon the allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id*. at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**III. Defendant's Motion for Summary Judgment**

In its motion for summary judgment, Oncor argues that McLennan is unable to raise a genuine issue of material fact on either his retaliation claims or his claim for intentional infliction of emotional distress.

McLennan appears to assert two claims of retaliation and one claim for intentional infliction of emotional distress. One section of McLennan's petition is captioned "First Cause of Action: Retaliation - Violation of Tex. Lab. Code Ann. § 21.001, et seq." In that section, McLennan alleges that he was "unjustly retaliated against for his payment for his own training and discriminatorily deprived of equal employment opportunities . . . ." In spite of the state law reference in the caption to this section, it concludes by stating that Defendant's conduct violated "Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1999."

Another section of McLennan's petition is captioned "Second Cause of Action: Retaliation - Violation of 42 U.S.C. § 1981." In that section, after repeating his complaint about not being reimbursed for recertification training expenses, McLennan alleges that he was sent on an unfavorable assignment by his supervisor in retaliation for complaining of racial discrimination. Also in that section of his complaint, McLennan claims that he has received poor performance evaluations in retaliation for complaining of racial discrimination. The section concludes by stating that Oncor's treatment has "infringed on his legal rights guaranteed by the Equal protection clause of the United

States Constitution for which Defendant is liable in damages."

The following section of McLennan's petition is captioned "Third Cause of Action: Intentional Infliction of Emotional Distress." In this section McLennan claims that Oncor intentionally "caused Plaintiff severe emotional distress, engaged in extreme and outrageous conduct by humiliating, distressing and embarrassing Plaintiff."

### A. Retaliation

In order to establish a *prima facie* case of retaliation a plaintiff must show that: (1) he engaged in protected activity, (2) a materially adverse action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002); *Peace v. Harvey*, 207 Fed. Appx. 366, 368 (5th Cir. 2006). After a plaintiff establishes a *prima facie* case of retaliation, the burden then shifts to the defendant to demonstrate a legitimate, nonretaliatory purpose for the action. *Gee*, 289 F.3d at 345. If the defendant articulates a nonretaliatory reason, the plaintiff must then bring forth evidence that the employer's stated reasons is merely pretext for unlawful retaliation. *Id.*

McLennan fails to bring forth any evidence whatsoever in support of his retaliation claims. Consequently, those claims fail as a matter of law. The Court need not undertake a detailed burden shifting analysis in this case. In its motion for summary judgment, Oncor identified those portions of the record it believes demonstrate the absence of a genuine issue of material fact. See *Celotex*, 477 U.S. at 322-25. In response

to Oncor's motion, McLennan filed a document captioned "Memorandum in Opposition to Defendant's Motion for Summary Judgment." McLennan did not support his response with affidavits, deposition transcripts, or any other type of summary judgment evidence. Without offering any summary judgment evidence, McLennan is unable to establish a *prima facie* case, and unable to demonstrate the existence of a genuine issue of material fact on any of his claims. Consequently, summary judgment is appropriate on McLennan's retaliation claims.

### B. Intentional Infliction of Emotional Distress

To recover on a claim for IIED under Texas law, a plaintiff must show that: (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe. *Hoffmann-La Roche v. Zeltwanger,* 114 S.W.3d 438, 445 (Tex. 2004). It is now well settled under Texas law that IIED is a "gap filler" tort. *See generally Hoffmann-La Roche,* 114 S.W.3d at 438-50. It was "created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* at 447, *citing Standard Fruit and Vegetable Co., v. Johnson,* 985 S.W.2d 62, 68 (Tex. 1998). In this case, McLennan had a "recognized theory of redress" in the form of Title VII and state discrimination statutes. The fact that McLennan has been unable to carry his evidentiary burden on these theories does

not entitle him to reassert the claim as an IIED claim. *Id.* (holding that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim").

Alternatively, even if McLennan had a legal basis for his IIED claim, his complete failure to submit any summary judgment evidence in response to Oncor's motion would be equally fatal to his claim. A claim for IIED must involve conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1143 (5th Cir. 1991) (citing Restatement (Second) of Torts § 46 cmt. d (1965)). Only intentionally outrageous conduct that transcends an "ordinary employment dispute" will suffice, as "to manage its business, every employer must on occasion review, criticize, demote, transfer, and discipline employees." *Id.* Emotional distress must be the intended consequence or primary risk of such conduct. *See Standard Fruit & Veg. Co. v. Johnson*, 985 S.W.2d 62, 67–68 (Tex. 1998).

Here, McLennan fails to satisfy any elements of the alleged tort. McLennan's complaints about poor performance evaluations, unfavorable work assignments, and a lack of opportunities to obtain higher paying positions with Oncor do not amount to the outrageous conduct needed to support an IIED claim. Indeed, they fall squarely within the reviewing, criticizing, demoting, or transferring that characterize an ordinary

employment dispute. McLennan likewise presents no evidence that he suffered emotional distress, severe or otherwise. Nothing offered by McLennan suggests anything more than a mere employment dispute. Summary judgment is thus appropriate on McLennan's IIED claim because he has no legal basis to assert the claim and further submits no evidence to demonstrate the existence of a genuine issue of material fact.

**IV. Conclusion**

Because McLennan is unable to raise a genuine issue of material fact on any of his claims, the Court concludes that summary judgment is appropriate. Accordingly, Oncor's Motion for Summary Judgment is **GRANTED** and McLennan's case is **DISMISSED** *with prejudice.*

**SO ORDERED**.

Signed August 24th, 2008.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE